UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL MILLER, | : |
| Plaintiff | : CIVIL ACTION NO. 3:23-1294 |
| v. | : (JUDGE MANNION) |
| GERALD WILLIAMS, MICHAEL KRETCHMER, JACKSON TOWNSHIP MUNICIPAL GOVERNMENT, AND JACKSON TOWNSHIP POLICE DEPARTMENT, | : |
| Defendants | : |

# MEMORANDUM

The court reviews the amended complaint of *pro se* Plaintiff Paul Miller. Plaintiff's initial complaint, (Doc. 1), named as Defendant only the Jackson Township Police Department. Magistrate Judge Carlson prepared a report (the "Report"), (Doc. 7), recommending that the original complaint be dismissed without prejudice because the police department is not a proper institutional defendant. Plaintiff then filed an amended complaint (the "Complaint"), (Doc. 8), adding as Defendants Chief Police Officer Gerald Williams, Officer Michael Kretchmer, and the Jackson Township Municipal Government. Because "an amended pleading supersedes the original

pleading and renders the original pleading a nullity," *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), the Report is now moot.

## I.     BACKGROUND

The Complaint alleges the following. (Doc. 8). In October 2020, Plaintiff was pulled over by Defendant Kretchmer in Jackson Township, in Luzerne County, because of the tint on his car's windows. After Plaintiff informed Officer Kretchmer that the shade was legal, Kretchmer said that Plaintiff's registration lamp was out. Because Plaintiff's license was suspended, he was directed into the officer's car, and Kretchmer searched Plaintiff's car. A pistol belonging to Plaintiff's sister was found in the trunk. Plaintiff was charged with the possession of a firearm, but the charge was eventually dismissed by the Luzerne County Court of Common Pleas. Plaintiff was arrested in March 2019, held in prison in Columbia and Montour Counties, extradited to Alabama in April, returned to Pennsylvania in July, and released on bail in August. He suffered monetary injuries by way of the loss of his vehicle and possessions, attorney's fees, bail, and loss of income. He seeks compensatory damages.

## II.  LEGAL STANDARD

Under 28 U.S.C. §1915(e)(2)(B), the court has a continuing obligation to review complaints lodged by plaintiffs proceeding *in forma pauperis* and to dismiss such complaints if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This provision mirrors Federal Rule of Civil Procedure 12(b)(6), which provides that a complaint should be dismissed "for failure to state a claim upon which relief can be granted."

In reviewing a complaint under this standard, the court must "accept al factual allegations as true," and "construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc*, 643 F.3d 77, 84 (3d Cir. 2011). To avoid dismissal, a complaint must plead "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). "[C]onclusory or 'bare-bones' allegations, or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Complaints filed *pro se* are "to be liberally construed," and "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

Plaintiff brings this civil rights action under 42 U.S.C. §1983, "which provides a cause of action to any individual who has been deprived of his rights under the Constitution or other federal laws by a person 'acting under color of law.'" *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Curley v. Klem*, 499 F.3d 199, 2016 (3d Cir. 2015)). He claims that Defendants violated his rights under the Fourth and Fourteenth amendments to the United States Constitution.

### A. Defendant Williams

Liability in a civil rights action cannot be predicated on a theory of *respondeat superior*; rather, a defendant "must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint must allege "participation or actual knowledge and acquiescence" "with appropriate particularity." *Id.*

The Complaint here does not include allegations of personal involvement particular to Defendant Williams. His name appears only in the

- 4 -

list of defendants; he is not mentioned in the statement of facts. Therefore, no §1983 claim has been stated against him.

### B. Defendant Kretchmer in his individual capacity

To the extent Plaintiff sues Defendant Kretchmer in his official capacity, those claims will be treated as ones against the municipality of which he is an agent—Jackson Township. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). They are discussed in subsection C.

Plaintiff claims he was subject to an illegal search and seizure in violation of his rights under the Fourth Amendment. The Complaint alleges that Officer Kretchmer searched the trunk of Plaintiff's car without a warrant after stopping him for tinted windows and arresting him for driving without a valid license.

The Fourth Amendment guards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches are "*per se* unreasonable under the Fourth Amendment—subject to only a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). One such exception, relevant here, is a search incident to arrest. *See id.* In the automobile context, "[p]olice may search a

vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains no evidence of the offense of arrest." *Id.* at 351.

According to the Complaint, at the time of the search, Plaintiff had been placed inside the officer's car for driving with a suspended license. He was thus not within reaching distance of the interior of his own car, and it was not reasonable to believe the vehicle contained evidence of the offense of arrest.

Plaintiff also claims a violation of his Fourteenth Amendment due process rights. "The Due Process Clause's procedural protections apply when a person is deprived of a property interest protected by state law." *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 358 (3d Cir. 2021). The Complaint here alleges that Plaintiff was dispossessed of his car.

For these reasons, the court does not at this stage conclude that Plaintiff has failed to state a claim against Defendant Kretchmer in his individual capacity.

### C. Defendants Jackson Township Municipal Government & Police Department

First, Jackson Township Police Department is merely a sub-unit of Jackson Township, and so is not properly a separate defendant. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability."). Therefore, Plaintiff's claims will be analyzed as against a single municipal defendant, Jackson Township.

Municipalities may only be held liable under §1983 "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013).

The Complaint makes no allegation of a policy or custom adopted by Jackson Township. For this reason, Plaintiff has failed to state a claim against Jackson Township or Defendant Kretchmer in his official capacity.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Williams, Defendant Kretchmer in his official capacity, and the Jackson

Township Municipal Government and Police Department will be dismissed. Plaintiff's claims against Defendant Kretchmer in his individual capacity will proceed. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 3, 2023**
23-1294-01